**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

**No. 19-4820**

UNITED STATES OF AMERICA,

Plaintiff - Appellee,

v.

DAVID L.C. MACON,

Defendant - Appellant.

Appeal from the United States District Court for the District of South Carolina, at Columbia. Mary G. Lewis, District Judge. (3:15-cr-00803-MGL-1)

Submitted: December 1, 2020                    Decided: December 8, 2020

Before AGEE and KEENAN, Circuit Judges, and SHEDD, Senior Circuit Judge.

Affirmed by unpublished per curiam opinion.

Allen B. Burnside, Assistant Federal Public Defender, OFFICE OF THE FEDERAL PUBLIC DEFENDER, Columbia, South Carolina, for Appellant. A. Lance Crick, Acting United States Attorney, T. DeWayne Pearson, Assistant United States Attorney, OFFICE OF THE UNITED STATES ATTORNEY, Columbia, South Carolina, for Appellee.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

David Macon challenges the district court's revocation of his supervised release after the district court found he committed new criminal conduct—South Carolina second-degree domestic violence—and tested positive for drugs. He makes two arguments on appeal: Macon and the victim were not "household members," as defined in the South Carolina domestic violence statute; and the victim's testimony is unreliable, rendering the evidence insufficient to support the district court's findings. We affirm.

The district court may revoke a term of supervised release if the Government proves by a preponderance of the evidence that the defendant violated his release conditions. 18 U.S.C. § 3583(e)(3). We review the district court's revocation decision for abuse of discretion, its factual findings underlying the revocation for clear error, and its legal conclusions de novo. *United States v. Patterson*, 957 F.3d 426, 435 (4th Cir. 2020). We will find clear error only if "we are left with the definite and firm conviction that a mistake was made." *United States v. De Leon-Ramirez*, 925 F.3d 177, 183 (4th Cir. 2019) (internal quotation marks omitted). And "[w]hen factual findings are based on the credibility of witnesses, we give great deference to the district court's determinations." *United States v. Doctor*, 958 F.3d 226, 234 (4th Cir. 2020).

South Carolina proscribes any action that "cause[s] physical harm or injury to a person's own household member; or . . . offer[s] or attempt[s] to cause physical harm or injury to a person's own household member with apparent present ability under circumstances reasonably creating fear of imminent peril." S.C. Code Ann. § 16-25-20(A) (2019). As relevant here, when someone commits domestic violence and causes "moderate

2

bodily injury to the person's own household member . . . or the act is accomplished by means likely to result in moderate bodily injury to the person's own household member," the conduct amounts to second-degree domestic violence, a misdemeanor punishable by a fine and up to three years' imprisonment. S.C. Code Ann. § 16-25-20(C) (2019). The same chapter defines "household member" as pertinent here, as "a male and female who are cohabitating or formerly have cohabited." S.C. Code Ann. § 16-25-10(30(d) (2019).

Macon relies on state divorce law and contends that "cohabitation" requires at least 90 days of living together. However, Macon fails to show that the definition of "household member" is ambiguous in light of the ordinary meaning of cohabitation. *See Othi v. Holder*, 734 F.3d 259, 265 (4th Cir. 2013); *see also Barnhart v. Sigmon Coal Co., Inc.*, 534 U.S. 438, 450 (2002). As to Macon's remaining claim, we conclude that sufficient evidence supports the underlying domestic violence violation, especially given the deference we must give to the trial court on credibility determinations. *See Doctor*, 958 F.3d at 234.

We therefore affirm the judgment revoking supervised release. We dispense with oral argument because the facts and legal contention are adequately presented in the materials before this court and argument would not aid the decisional process.

*AFFIRMED*

3